JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN JONES, | ) CASE NO. CV 17-335-R |
| Plaintiff, | ) ORDER GRANTING DEFENDANT'S |
| v. | ) MOTION TO DISMISS PLAINTIFF'S |
| | ) COMPLAINT PURSUANT TO RULE |
| ONLINE INFORMATION SERVICES, INC. | ) 12(B)(1) AND 12(B)(6) |
| D/B/A ONLINE COLLECTIONS, | ) |
| Defendant. | ) |

Before the Court is Defendant Online Information Services, Inc.'s ("Online Collections") Motion to Dismiss Plaintiff's Complaint which was filed on April 12, 2017. (Dkt. No. 11). Having been thoroughly briefed by both parties, this Court took the matter under submission on June 2, 2017.

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper when a complaint exhibits either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). Under the heightened pleading standards of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a plaintiff must allege "enough facts

1  to state a claim to relief that is plausible on its face," so that the defendant receives "fair notice of
2  what the…claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 570.  The plaintiff
3  must plead factual content that allows the court to draw the reasonable inference that the defendant
4  is liable for the misconduct alleged.  *Iqbal,* 556 U.S. at 678.  Courts will not accept "threadbare
5  recitals of the elements of a cause of action, supported by mere conclusory statements. . . ." *Id*.
6  "All allegations of material fact are taken as true and construed in the light most favorable to the
7  nonmoving party."  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citation
8  omitted).

9  Plaintiff's Complaint attempts to state two causes of action: (1) violation of the Fair Debt
10 Collections Practices Act ("FDCPA") and (2) violation of the Rosenthal Fair Debt Collections
11 Practices Act ("RFDCPA").  The Complaint alleges that on an unspecified date, Defendant began
12 efforts to collect a debt owed to an original creditor referred to as the "Salt River Project."
13 Plaintiff subsequently disputed the alleged debt on July 26, 2016.  On October 10, Plaintiff saw
14 that her credit report contained a "re-reported" claim of the alleged debt without notation of
15 Plaintiff's dispute.

16 The Complaint fails to allege sufficient facts to support a claim for violation of either the
17 FDCPA or the RFDCPA.  To sate a claim for relief under the FDCPA, Plaintiff must allege facts
18 establishing (1) that the plaintiff has been the object of collection activity arising from a consumer
19 debt, (2) that the defendant attempting to collect the debt qualifies as a debt collector under the
20 FDCPA, and (3) that the defendant has engaged in a prohibited act or has failed to perform a
21 requirement of the FDCPA.  *Monreal v. GMAC Mortg.*, *LLC*, 948 F.Supp.2d 1069, 1084 (S.D.
22 Cal. 2013).  The RFDCPA contains the same requirement that the alleged debt be a consumer
23 debt.  Cal. Civ. Code §§ 1788.2, 1788.1(b).  Plaintiff fails to plead any factual content regarding
24 the type of debt Defendant allegedly attempted to collect.  In fact, Plaintiff simply recited the
25 statutory language by alleging that "[t]he alleged debt was incurred as a financial obligation that
26 was primarily for personal, family or household purposes and is therefore a 'debt' as that term is
27 defined by 15 U.S.C. § 1692a(5)."  (Compl. at ¶8). Mere recitation of the statutory definition of a
28 consumer debt is insufficient to state a claim for relief under either act.

1     Accordingly, because the Complaint includes only conclusory recitations of the statutory language and lacks any factual allegations regarding the nature of the underlying debt, it fails to state a plausible cause of action for violation of either the FDCPA or the RFDCPA.

    **IT IS HEREBY ORDERED THAT** Defendant's Motion to Dismiss Plaintiff's Complaint is GRANTED.

Dated: July 13, 2017.

_____
    MANUEL L. REAL
    UNITED STATES DISTRICT JUDGE